Pinkham *v.* Dorothy.

VASSAL D. PINKHAM *versus* JOHN V. DOROTHY.

The right to impress property to be used for the taking care of persons infected with sickness dangerous to the public health, can only be exercised when expressly granted.

Chapter 14 of R. S. does not authorize the impressment of a stagecoach for the removal of a person thus infected.

ON EXCEPTIONS.

TRESPASS for taking and using plaintiff's stagecoach to transport persons infected with small pox to a hospital provided by the municipal officers of Skowhegan in Somerset county.

The defendant undertook to justify under Martin M. Ward, a deputy sheriff of Somerset county, who acted under the following warrant: —

" To Eusebeus Weston and James Bell, Esq'rs, Justices of the Peace in and for the county of Somerset: —

" The undersigned, selectmen of Skowhegan, represent that Mehitable Nicholas, Sarah J. Hayden, Elbridge G. and William H. Hayden, Mary J. and Frederick York, Martha Colway and her two children, names unknown, Elizabeth and Sally Belougee and three small boys of Louis Belougee, names unknown, all of said Skowhegan, in said Skowhegan, are infected with contagious sickness, and they therefore request you to issue to a proper officer a warrant requiring him to remove said infected persons, and to impress and take up convenient houses, lodgings, nurses and attendants, and other necessaries for the accommodation, safety and relief of said persons.

" Dated at Skowhegan this 31st day of March, A. D. 1864. " James B. Dascomb, ⎱ *Selectmen of* " Daniel Snow,. ⎰ *Skowhegan.*"

[L. S.] " State of Maine. — Somerset, ss. — To the sheriff of said county or either of his deputies: —

" Pursuant to the above application and by virtue of authority vested in us by law, you are hereby required, in

the name of said State, to proceed under the direction of the municipal officers of the town of Skowhegan, in said county, and remove Mehitable Nicholas, Sarah J., Elbridge G. and William H. Hayden, Mary J. and Frederick York, Martha Colway and her two children, names unknown, Elizabeth and Sally Belougee and three small boys of Louis Belougee, names unknown, all of said Skowhegan, and infected with contagious sickness, and also to impress and take up convenient houses, lodgings nurses and attendants, and other necessaries for the accommodation, safety and relief of the said infected persons while sick.

"Given under our hands and seals at said Skowhegan, this first day of April, A. D. 1864.

"Eusebeus Weston, } *Justices of*
"James Bell,          } *the Peace.*"

"Somerset, ss.—April 3, 1864.—By virtue of the foregoing precept, I have proceeded under the direction of the municipal officers, and removed the persons named in said precept to the building on the agricultural grounds, which I impressed for that purpose; that, in order to do so, it was necessary to have a suitable carriage for that purpose, and I found a coach in said building when I took possession of it, and I directed John V. Dorothy to take the same, and it was taken and used for the purpose aforesaid, and the persons named in said precept were removed to said building, and I furnished them with convenient lodgings, nurses, attendants and other necessaries for their accommodation, safety and relief while sick.

"M. D. Ward, *Deputy Sheriff*."

*Martin D. Ward*, called by the defendant testified:—I engaged the horses of defendant myself. They were under my control after that. I ordered defendant to proceed to Fair Ground and get a carriage that I supposed was there; he got it and brought it and left it in street near Neil's store, and had nothing else to do with it. I put another man into possession and control of it. I took it there. Frank Gray was the driver after that. The coach was used to run

to the Fair Grounds two or three times Sunday, and no other day. It was carried on to the island and cleansed and then taken to barn one-half mile out of town, and remained there. This from three to six days after it was used. I paid most of the bills and town paid me. No injury or damage to the coach, only wear on easy road.

The defendant contended that the warrant and proceedings under it were his sufficient justification; but the presiding Judge ruled otherwise *pro forma.* And the defendant alleged exceptions.

*J. Baker,* for the defendant, elaborately contended that the ruling was erroneous, arguing, among other things, that the power to remove carries with it ·all the necessary means to that end.

*A. Libbey,* for the plaintiff, contended that the statute, being in derogation of the natural rights of the citizen, should be construed strictly, and cited *Mitchell* v. *Rockland,* 45 Maine, 496.

APPLETON, C. J.—By R. S., 1857, c. 14, § 1, the municipal officers of a town are authorized to provide for the safety of its inhabitants, "by removing" any person infected with any disease or sickness dangerous to the public health, to a separate house, &c.

By § 26, they are authorized to provide hospitals for the reception of persons having the small pox or other disease dangerous to the public health.

By § 29, hospitals are to be provided on the breaking out of any infectious disease "and they shall cause such sick and infected to be removed thereto, unless their condition will not admit of it without imminent danger; in that case, the house or place where the sick is shall be deemed a hospital for every purpose aforesaid."

By § 7, provision is made for the removal of infected articles and for the *impressing* of "convenient houses or stores for the safe keeping of such infected articles."

In none of these cases is the power given to impress the means of removal, whether the removal be of the sick or of infected articles. The officer is to provide the means of removal; not to impress them. The removal is commanded. The officer is to discharge this as he does other duties. He provides alike for the removal of the sick; of infected articles; and of debtors and convicts, in such mode and manner as he judges most expedient.

By § 5, " any two justices of the peace may issue a warrant directed to a proper officer, requiring him to remove any person infected with contagious sickness, under the direction of the municipal officers where he is; *or* to impress and take up convenient houses, lodgings, nurses, attendants and other necessaries for the accommodation of the sick."

This section is in the alternative. In case the condition of the sick will admit, they are to be removed under § 29 to the hospital. If not in condition to be safely removed, authority is given to *impress* " the house or place where the sick is."

The first clause of the section authorizes the issuing a warrant " directed to a proper officer, requiring him to remove any person infected with contagious sickness, under the direction of the municipal officers where he is." This gives the power to remove. It gives no authority to *impress* for the purposes of removal. The authority for removal is given, but the proper officer is to discharge the duty as he does other duties, by means of his own procurement. The right to impress is not to be inferred. It is only to be exercised when expressly granted. The whole power of removal is given in this clause, and it contains nothing from which a right to impress can possibly be inferred.

But it may not be expedient to remove. The situation of the infected may be such that removal would be dangerous. Accordingly, provision is made when removal for any cause becomes inexpedient, by the latter clause of § 5, in these words, — " *or* to impress and take up convenient houses and lodgings, nurses and attendants, and other neces-

saries for the accommodation, safety and relief of the sick." This provision is for the relief of the sick in the houses, &c., impressed. The subject of removal is provided for in what precedes. The removal is to the hospital. The impressment is authorized as to specific things, and the authority to impress is not to be enlarged by construction, upon any recognized principles of interpretation. "Other measures for the accommodation, safety and relief of the sick," are for the sick in the houses or lodgings impressed. They do not include horses or carriages. The context negatives this. The right to impress is given after the authority to remove. The last clause neither expressly nor impliedly has any relation to the subject of removal. It refers to the sick who cannot be removed, and, not being removable, the house, or lodgings in which they are, is impressed, together with "other necessaries" for their accommodation.

*Exceptions overruled.*

CUTTING, KENT, DICKERSON, BARROWS and DANFORTH, JJ., concurred.

WALTON and TAPLEY, JJ., did not concur.